## PUBLICATION OF COUNTY COMMISSIONERS' FINANCIAL REPORT.

[Common Pleas Court of Darke County.]

### A. T. KNORR v. DARKE COUNTY.

Decided, December, 1905.

*County Commissioners—Annual Financial Report of—Publisher Entitled to Price and a Half, When—Compliance with Section 917— And with Section 4366—Report of Examining Committee—No Requirement that it be Published in Tabular Form.*

1. The annual financial report of the county commissioners made up and published in two columns, one consisting of the names of the persons to whom the items are paid and the purposes for which the items are paid, and the other consisting of the amounts in figures of each payment, separated from the column of words by sufficient blank space to make each column distinct to the eye, is a fair compliance with Section 917 of the Revised Statutes providing for such report.

2. Such publication so made and with leaders and two or more justifica-cations is tabular work within the meaning of Section 4366, and in the absence of a special contract the publisher is entitled to the price and a half rate therein prescribed.

3. The report of the examining committee appointed by the court to examine such report is not required to be made up or published in tabular form, and should be paid for only at the one-price rate.

ALLREAD, J.

This is an appeal from the allowance of the county commissioners for the publication of the annual report of the commissioners and of the report of the examining committee.

The plaintiff is the publisher of the German newspaper, having, as he claims, the necessary circulation to entitle him to make such publication, and made the publication by authority of the board of commissioners. The circulation of the plaintiff's newspaper and his authority from the commissioners and his publication of the reports are undisputed. The sole question presented for consideration is as to the rate or price. The commissioners have allowed him for the publication the rate provided for by statute for straight work, while the publisher claims to be entitled to the additional rate allowed for tabular or rule work. The form of the publication of the commissioners' annual report consists of two columns, one containing in separate items the name of the person to whom paid and the purpose, the other the amount of the payment in figures; and separated from each other by sufficient space to make each distinct to the eye.

Section 917 requires the commissioners to make "a detailed report in writing, itemized as to amount, to whom paid and for what purpose, * * * of the financial transactions of the county during the year preceding the time of making such report;" which report "shall be published annually in compact form one time in two newspapers of different parties," and also "in one newspaper of the German language having a bona fide circulation of not less than 600, if there be such paper and in general circulation among the inhabitants speaking that language in the county, in the same manner."

The form of publication adopted conforms to the annual report itself and is a reasonable and fair compliance with the requirement of the statute just referred to.

The price for legal advertising is fixed by Section 4366, which provides that publishers of newspapers may charge and receive for the publication of advertisements, notices, and proclamations, the sum of one dollar per square for the first insertion, fifty cents for each additional, "and in advertisements containing tabular or ruled work an additional sum of fifty per cent. may be charged in addition to the foregoing rates."

Is the publication of the commissioners' report tabular or rule work? Various printers testify that tabular work has a special signification in the printer's trade and comprises all work having two or more justifications, or in popular expressions, two or more columns with vertical alignments of type or form. But aside from this testimony, and independently, the court has consulted the standard dictionaries and lexicons. These authorities confirm the view that tabular or table work has special significance in the printing trade. Tabular or table work as applied to printing is thus defined by the Century Dictionary:

"In printing, the setting of tables; specifically, work done in such narrow columns, usually with figures, as call for extra compensation under an established scale."

"Table" is more elaborately defined by the same authority as follows:

"An arrangement of written words, numbers or signs, or the combination of them in a series of separate lines or columns; a formation of details in relation to any subject arranged in horizontal, perpendicular, or some other definite order in such manner that the several particulars exhibited to the eye each by itself; as, chronological tables, astronomical tables, tables of weights or measures, multiplication tables, insurance tables."

From this definition it will be observed that tabular work is not confined exclusively to columns of figures, although one or more columns of figures usually constitute a part of tabular work, as applied in the printing trade. In most of the tables referred to, and particular reference may be called to a chronological table, one column is devoted to explanatory works and one or more to the columns of figures. Nor is extra compensation the test of what is regarded tabular work, but follows as the incident. The classification is mechanical, depending upon the form and composition of the work, and the increased cost results from the additional justification of forms made necessary in composition of this kind. So that in determining what is tabular work, the mechanical form of the work itself is made the test.

The identical question arising in an appeal from an order of the commissioners making an allowance to a publisher of an annual report in Auglaize county was decided by Judge Mathers in the case of *W. J. Murray* v. *Auglaize County*, 1 N. P.—N. S., 89. The commissioners' report was there held to be tabular mat-

ter entitling the publisher to the increased price provided for. His summary is thus stated:

"Matters set up in the form of a table with figures or words one under the other so as to exhibit to the eye the information to be conveyed, and which contains two or more justifications, is tabular matter."

Also the judge adds in the opinion, on page 90:

"While the regulation in fixing the price to be charged for such matter may have been originally governed by considerations of cost to the publisher in having it set up, still it will readily be seen that it is not the criterion by which the Legislature has authorized publishers to charge."

No adjudication has been found by either counsel or the court to the contrary, and this decision is in line with the construction adopted generally by public officers since the passage of the act fixing the legal rate for advertisements passed in 1876. The decision of Judge Mathers in the case referred to is well considered and, in the opinion of this court, sound. Confirmatory of this view and as an illustration of the character of table-work is the table of cases so styled found in each volume of the reports of the Supreme Court printed under the direction of that court. In one column is found the title of the case in one or more lines, and in an independent column are figures showing the page where the case may be found. These tables are similar in mechanical construction to the commissioners' report. Still further confirmation of this view and an illustration of table work is afforded in the appendix of the printed volume containing session laws, containing the acts of the Legislature for the year of the adoption of the original act fixing legal rates for advertising, printed and appended thereto by a resolution of that Legislature (see Vol. 73, O. L.). This may well be considered as a contemporaneous construction made by the same General Assembly.

That the commissioners annual report is an advertisement within the meaning of this act, was decided by Judge Mathers in the case referred to, and that conclusion is sound.

It may be claimed that the phrase "tabular or ruled work" must be read together as one class of work comprising the essential features of both. This is not a natural interpretation, and

by referring to the standard works we find that tabular and rule work in the printing trade apply to distinct classes of work, and that each class of work at the time of the passage of the act called for increased compensation over straight work. The court, therefore, is required to accept a natural reading of the statutes, and hold that either tabular or ruled work falls within the provision calling for increased rate.

Again it may be claimed that the phrase "may be charged" used in reference to the increase of fifty per cent. is discretionary with the commissioners to allow or disallow the additional charge. This question is not without difficulty, and its determination must be arrived at from a consideration of the entire act. The original act (73 O. L., page 75) is entitled, "An act to fix the price of legal advertising." The first section provides that publishers "shall be allowed to charge and entitled to receive" certain sums; with the stipulation that in advertisements containing tabular or ruled work "an additional sum of fifty per cent. may be charged in addition to the before mentioned rates." The codification changed the phraseology but not the meaning. It is clear, therefore, that the purpose of the act was to fix definitely, in the absence of a previous contract, the legal rate of advertising so far as straight matter is concerned. Now as to the tabular work, it is provided that an additional sum of fifty per cent. "may be charged." This language is not so positive. But what is its fair interpretation? "May be charged" is not synonymous with "may be allowed," for in the latter a discretion would be awarded to the commissioners, they having jurisdiction to allow. But "may be charged" naturally awards the discretion to the publisher and not to the commissioners. Previous to the passage of this act prices of advertising were fixed by the officer or officers authorized to allow the bill. By this act the Legislature fixed the rate, and its purpose is sufficiently apparent on the face of the act itself. It is competent for the state through the Legislature to fix the price of public service. This is exemplified by the salary of public officers and in the compensation allowed to appraisers, surveyors, chainmen and the like. The statutory rate is the legal compensation to which the publisher is entitled for the services rendered, at least in the absence of a contract.

An instructive case on this subject is that of *Campbell, Adm'x,* v. *McCormick, Adm'r,* 1 C. C., 504, where the question as to whether the amount of the allowance of an administrator for the regular compensation of six per cent. on the first thousand, etc., was discretionary with the probate judge or was an absolute right of the administrator. In that statute the phrase "may be allowed" is used in reference to the regular compensation of the administrator, but it was held that in connection with the other provisions of the statute the regular allowance to the administrator can not be reduced by the probate judge but must be allowed. If this is a correct interpretation of the law fixing the rate of compensation for an administrator where the phrase "may be allowed" is used, by a much stronger reason is the court required to construe the clause "may be charged" in this statute as fixing an absolute rule of compensation.

It may be added that the court in this case is not called upon to determine as to the reasonableness of the price or compensation fixed. It is presumed conclusively, so far as the court is concerned, that the rate fixed was a reasonable one at the time the act was passed. It is not competent for the court to amend or repeal statutes. It has no other duty but to construe the statutes as they are written. If the price fixed by this statute is not a just one, it is for the Legislature to make the amendment.

The claim will be allowed, therefore, at the rate prescribed for tabular work so far as the commissioners' report is concerned.

Now as to the report of the examining committee. The law does not justify the making of such reports in tabular form, but contemplates straight matter, and such reports, although part of it may be tabular, must all be paid for as straight work.

The allowance will be made on the basis of this opinion.

*Anderson & Bowman,* for plaintiff.

*H. L. Yount,* Prosecuting Attorney, for county.